FILED

2020 Dec-03  AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| YOLANDA COCKRELL | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| PICKENS COUNTY | ) |
| COMMISSION | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### I.   NATURE OF COMPLAINT

This action is brought by Yolanda Cockrell, an African-American female who is currently employed by the Pickens County Commission (hereinafter "Defendant" or "Commission") to address the Commission's demonstrable policy of race and sex discrimination.  The Plaintiff brings this action to redress Defendant's practice of allowing racial and/or gender discrimination to infect its decisions regarding pay. The Plaintiff would aver as follows:

Pickens County has followed a general practice of discriminating against African-Americans and/or women with regards to pay. A by-product of these practices is that African-American and/or female employees are expressly and impliedly discouraged from seeking higher pay.

## II.   JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), 2201 and 2202, 42 U.S.C. 2000d-2 and 2000e5(f).  This is a suit authorized and instituted pursuant to the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981(via 42 U.S.C. § 1983 ).

2.      Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b) & (c) because the Commission is located here, the persons responsible for overseeing the human resources function are here, the Commission maintains personnel records here, and engages in or ratifies illegal conduct adversely affecting the Plaintiffs here.   The Defendant's failure to promulgate effective equal employment policies originated in this district. The records relevant to whether this Defendant has issued such policies are located in this district.

## III.   PARTIES

3.      Plaintiff, Yolanda Cockrell ("Plaintiff" or "Cockrell"), has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.  Plaintiff Cockrell is timely filing this action within the four-year statute of limitations set forth for racial discrimination claims

brought under 42 U.S.C. § 1981 via 42 U.S.C. § 1983 [*Baker v. Birmingham Bd. of Educ.,* 531 F. 3d 1336 (11th Cir. 2008)] and within ninety (90) days of the receipt of her notice of right to sue pursuant to Title VII.

4.      The Pickens County Commission, is an entity subject to suit under Title VII. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981, 1981(a), and 42 U.S.C. § 1983. The Defendant employs at least fifteen (15) persons.

## IV.    STATEMENT OF FACTS

5.      On or about October 28, 1999, Ms. Cockrell was hired by the Defendant as a Clerk.

6.      In May 2001, Ms. Cockrell became the Assistant Administrator for Pickens County. On March 6, 2019 she requested a pay increase from $36,500.00 to $40,000.00 based upon an increase in her job duties and responsibilities. Marlin McCool, a white male, was granted a negotiated pay raise to remain with the Commission. McCool received a $6,400.00 pay raise which represented approximately a 20% increase in pay.

7.      On November 19, 2019, Ms. Cockrell was informed that her pay raise was denied. Three white commissioners [which is a majority] almost invariably vote

against African-Americans and/or women receiving pay raises.  Ms. Cockrell has requested a pay raise on several occasions in the past and has each time been denied by a three member majority on the Commission.  This three member majority is and has been all white.

8.      The Commission has failed to create adequate incentives for its members to comply with equal employment opportunity laws regarding its pay practices as described in this Complaint and has failed to adequately train the Commission members and other employees to avoid violating federal anti-discrimination laws. The Commission's failure constitutes a "continuing violation" that is part of a longstanding and demonstrable toleration of a practice and policy of race and/or gender discrimination.

## V.      CAUSES OF ACTION

### A.      Title VII

9.      Plaintiff has been discriminated against because of her race [African-merican] and/or gender [female], in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  This treatment by the Defendant affected the terms and condition and enjoyment of Plaintiff's employment.

10.      The motivating factor for Defendant's actions regarding the Plaintiff as alleged in paragraphs 1 through 8, herein, was intentional discrimination on the basis

of race and/or gender.

11.    Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's race and gender discrimination.

12.    The unlawful intentional actions of the Defendant as alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

13.    The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

14.    The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless said behavior is enjoined by this Court.

**B.    42 U.S.C. §§ 1983, 1981**

15.    The effect of the Defendant's discrimination as outlined above has been to deprive the Plaintiff of the same right to make and enforce contracts as is enjoyed by similarly-situated white persons in violation of 42 U.S.C. §§§ 1983 and 1981.

16.     As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

17.     Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

18.     The unlawful intentional actions of the Defendant, alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

19.     The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

20.     The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.    <u>**PRAYER FOR RELIEF**</u>

Wherefore, the Plaintiff requests the following relief:

1.     Acceptance of jurisdiction of this cause;

2.    A declaratory judgment that the Defendant's employment practices challenged herein are illegal and violative of the rights secured to the Plaintiff;

3.    A preliminary and permanent injunction against the Defendant and their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, racial discrimination and gender discrimination by the Defendant set forth herein;

4.    An Order placing or restoring the Plaintiff into the proper pay grade she would now be occupying but for the Defendant's discriminatory practices;

5.    An award of back pay; front pay; nominal damages, lost benefits; preferential rights to pay increases; damages for lost compensation and job benefits; and any other appropriate equitable relief to the Plaintiff;

6.    An award of litigation costs and expenses, including reasonable attorneys' fees, to the Plaintiff;

7.    Prejudgment interest; and,

8.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Roderick T. Cooks
Attorney for the Plaintiff

**OF COUNSEL:**
Winston Cooks, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:   (205) 502-0970
Fax:   (205) 278-5876
Email:        rcooks@winstoncooks.com

**Plaintiff's Address:**
Yolanda Cockrell
c/o Roderick T. Cooks
Winston Cooks, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:   (205) 502-0970
Fax:   (205) 278-5876
Email:        rcooks@winstoncooks.com

**Defendant's Address:**
Pickens County Commission
155 Reform Street, Room 300
Carrollton, AL 35447
Phone: 205-367-8148
Fax: 205-367-9278