FILED
2021 Dec-22 PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| YOLANDA COCKRELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PICKENS COUNTY )<br>COMMISSION, )<br>)<br>Defendant. ) | 7:20-cv-01922-LSC |

## MEMORANDUM OF OPINION

Plaintiff Yolanda Cockrell ("Cockrell" or "Plaintiff") brings this action against her employer, the Pickens County Commission ("Commission" or "Defendant"). Cockrell asserts claims against the Commission for pay discrimination on the basis of race and gender in violation of 42 U.S.C. §1981 as made applicable by 42 U.S.C. §1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Before the Court is the Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6.) The motion is fully briefed and ripe for review. For the reasons stated below, the motion is due to be denied.

I. **BACKGROUND**[1]

Cockrell, who is African American, has been employed by the Pickens County Commission ("Commission" or "Defendant") for over twenty years. She was hired by the Commission as a Clerk in October of 1999 and became Assistant Administrator in May of 2001. In March of 2019, Cockrell requested a pay increase from $36,500 to $40,000 based on an increase in job duties and responsibilities. Plaintiff alleges that this request was denied. Marlin McCool ("McCool"), a white male employee, requested a pay increase from $30,400 to $36,400 for the same fiscal year, which he received. In her complaint, Cockrell alleges that the Commission has followed a general practice of discriminating against African Americans and women in regard to pay, thus expressly and implicitly discouraging employees in these classes from seeking raises. Cockrell further alleges that she has requested raises on several occasions and has each time been denied by a white, three-member majority of the Commission. However, in her response to Defendant's motion to dismiss, Plaintiff indicates that she did receive a raise. Plaintiff alleges that she was granted a

---

[1] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (quoting *Ironworkers Loc. Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)). The following facts are, therefore, taken from the allegations contained in Plaintiff's Complaint, and the Court makes no ruling on their veracity.

raise from $36,500 to $37,540. Plaintiff argues that her raise was much smaller than the raise McCool received because of her race.

## II.     Standard of Review

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1296 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (internal quotation marks omitted). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d

1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III.  Discussion

The Commission alleges that Cockrell cannot state claims under either Title VII or U.S.C. § 1981 via U.S.C. § 1983 because the lower raise she received did not amount to any discrimination in pay. Specifically, the Commission alleges that Cockrell failed to state a pay discrimination claim because she has not alleged that "similarly situated employees outside the protected class received higher pay." *See*

*Gray v. City of Jacksonville, Fla.*, 492 Fed. Appx. 1, 3 (11th Cir. 2012). The Commission denies Cockrell's assertion that she has been denied all raises she has requested. The Commission provides as exhibits salary information for its office showing Cockrell received raises in 2014, 2015, 2018, and 2019. Cockrell argues that the smaller raise itself, as compared to that McCool received, amounted to a materially adverse employment action.

### A. Title VII Claim

To state a race-discrimination claim under Title VII, a complaint need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir.2008) (quotation marks omitted) (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965). The complaint "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case." *Id.* (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002)). This is because *McDonnell Douglas's* burden-shifting framework is an evidentiary standard, not a pleading requirement. *Swierkiewicz,* 534 U.S. at 510.

Here, Plaintiff has met her burden. In her complaint, Plaintiff alleges that her request for a raise was denied while McCool was given a $6,400 pay raise. Plaintiff alleges that this denial was due to her race. These allegations are sufficient to suggest

intentional race discrimination at the motion to dismiss stage. *Davis* 516 F.3d at 974. However, in her response to Defendant's motion to dismiss, Plaintiff indicates that that she was granted a raise from $36,500 to $37,540. Plaintiff argues that her raise was much smaller than the raise McCool received because of her race. If Plaintiff wishes to proceed under the theory that she received a smaller raise than a white employee, rather than no raise at all, Plaintiff should amend her complaint. Regardless, Defendant's motion to dismiss is due to be denied and discovery should proceed in this case.

### B.  § 1981 and §1983 Claim

Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. Although a plaintiff may bring an action for pay discrimination, "§ 1981 does not provide an implicit cause of action against state actors; therefore § 1983 constitutes the exclusive federal remedy for violation[s] by state actors of the rights guaranteed under § 1981." *See Bryant v. Jones,* 575 F.3d 1281, 1288 (11th Cir. 2009). Title VII and §1981 claims generally "are subject to the same standards of proof and employ the same analytical framework." *Bryant*, 575

F.3d at 1296 n.20. Applying the same analysis as above for Title VII claims, Plaintiff's § 1981 claim as enforced by § 1983 may also proceed. Accordingly, Defendant's motion to dismiss is due to be denied as to Plaintiff's claim of discrimination under § 1981 and § 1983.

## IV.  Conclusion

For the reasons stated above, Defendant's motion to dismiss is due to be denied. An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on December 22, 2021.

_____
L. Scott Coogler
United States District Judge

206770