# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **YOLANDA COCKRELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **7:20-cv-01922-LSC** |
| ) | |
| **PICKENS COUNTY** ) | |
| **COMMISSION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

Yolanda Cockrell ("Plaintiff") brings this action against the Pickens County Commission ("Defendant"), asserting claims of race and gender discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1983. Before the Court is Defendant's Motion for Summary Judgment. (Doc. 25.) For the reasons stated below, Defendant's motion is due to be **GRANTED**.

**I. BACKGROUND**[1]

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). The Court is not required to identify unreferenced evidence supporting a party's position. As such, review is limited to exhibits and specific portions of the exhibits specifically cited by the parties. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record….").

Plaintiff, an African American female, was employed by Defendant as the Assistant County Administrator from 2001 until the end of 2021. (Docs. 22 ¶¶ B(1), C(2); 29 ¶ 1.) Plaintiff's duties were clerical in nature, and included data-entry, bookkeeping, managing County finances, and recording the minutes for meetings of the County Commission. (Doc. 30 ¶ I(11).) Defendant also employed a white male named Marlin McCool, who was promoted to Buildings and Grounds Maintenance Supervisor in 2015. (Docs. 29 ¶ 12; 26 ¶ 3; 26-1 ¶ 6.) McCool was responsible for supervising maintenance staff and performing a wide range of maintenance duties. (Doc. 26-1 ¶ 6.)

Pickens County is a small county with a relatively high poverty rate. (Doc. 26-1 ¶ 3.) Although Defendant cannot afford to give its employees annual raises, it gave several raises in the fiscal years 2015 to 2020. (Doc. 26 ¶ 18.) During that period, Plaintiff received either the highest or the second highest raise in every year except 2015.[2] (Doc. 26-4.)

In 2019, Plaintiff requested a 9.6% pay raise—from $36,500 to $40,000—for fiscal year 2020. (Docs. 29 ¶ 14; 26-4.) That request was denied. (Doc. 29 ¶ 14.) Instead, Plaintiff received the same $1,040 raise approved for all employees that year, which increased her salary to $37,540. (Docs. 26-4; 29 ¶ 15.) However, Marlin

---

[2] Plaintiff received the third highest raise in fiscal year 2015. In fiscal year 2020, Plaintiff received the same raise as every other employee except Marlin McCool. (Doc. 26-4.)

McCool successfully negotiated a 21.2% raise that same year, increasing his salary to $36,400. (Docs. 22 ¶ B(10); 26-4; 29 ¶ 12.) When Plaintiff learned of McCool's raise, she filed a complaint with the EEOC. (Doc. 29 ¶ 17.)

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence but should determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Likewise, conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (*per curiam*) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004)). In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

### III.  DISCUSSION

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); *Alvarez v. Royal Atl.*

*Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Because Plaintiff has no direct evidence of discrimination,[3] she may prove her claims circumstantially under the *McDonnell Douglas* burden-shifting framework. *See id.*; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973); *see also Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–53 (1981). Plaintiff's Title VII and § 1981 claims are "subject to the same standards of proof and employ the same analytical framework." *Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009).

Under the *McDonnell Douglas* framework, Plaintiff must first establish a *prima facie* case of discrimination by showing that "(1) she was a qualified member of a protected class and (2) was subjected to an adverse employment action (3) in contrast to similarly situated employees outside the protected class." *Alvarez*, 610 F.3d at 1264 (enumerations added). The *prima facie* case creates a rebuttable presumption that the employer has acted illegally. *Id.* Defendant can rebut that presumption by "articulating one or more legitimate non-discriminatory reasons for its action." *Id.* Doing so shifts the burden back to Plaintiff to "produce evidence that [Defendant's] proffered reasons are a pretext for discrimination." *Id.*

Plaintiff argues that she suffered an unlawful adverse employment action when she, an African American female, was denied the substantial raise she sought

---

[3] "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989).

Page 5 of 11

for fiscal year 2020 while McCool, a white male, was given a substantial raise that same year. There is no dispute that Plaintiff is a qualified member of a protected class under Title VII. Nevertheless, Plaintiff's claims fail under *McDonnell Douglas* because her proffered comparator, McCool, is not a "similarly situated employee."

To establish her claims under *McDonnell Douglas*, Plaintiff must demonstrate that she and McCool were "similarly situated in all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019) (*en banc*). To meet this standard, "a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they cannot reasonably be distinguished." *Id.* at 1228 (quotations omitted). Although "minor differences in job function [will not] disqualify a would-be comparator," *id.* at 1227, "comparators must perform jobs similar to the plaintiff's; thus, the plaintiff must show that, in her job, she shared the same type of tasks as the comparators." *Cooper v. S. Co.*, 390 F.3d 695, 734–35 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006) (quotations omitted). Because McCool's responsibilities as the Building and Grounds Maintenance Supervisor are so inherently different from Plaintiff's responsibilities as the Assistant Administrator for Pickens County, the two cannot reasonably be considered "similarly situated in all material respects." *See Vinson v. Tedders*, 844 Fed. Appx. 211, 213–14 (11th Cir. 2021) ("Because Brown and Bass had different work experience, different job duties, and different job titles,

they were not 'similarly situated in all material respects.'") (quoting *Lewis*, 918 F.3d at 1226).

Plaintiff's argument that her "performance of administrative/clerical [duties] was just as vital if not more important to the functioning of the County than McCool's [performance of his duties]" misses the mark. (Doc. 30 at 16.) It is not for the Court to decide the relative importance of employees' job functions. *See Furnco Const. Corp. v. Waters*, 438 U.S. 567, 578 (1978) ("Courts are generally less competent than employers to restructure business practices, and unless mandated to do so by Congress they should not attempt it."). The inquiry is whether Defendant treated similarly situated employees differently, not whether Defendant wisely compensated differently situated employees. *See Lewis*, 918 F.3d at 1222–23. "Undoubtedly, [Plaintiff's and McCool's] job duties and responsibilities were different." (Doc. 30 at 17.) "Treating different cases differently is not discriminatory, let alone intentionally so." *Lewis*, 918 F.3d at 1222–23. Because Plaintiff's proffered comparator is not "similarly situated in all material respects," Plaintiff has failed to establish a *prima facie* case of discrimination under *McDonnell Douglas*. *Lewis*, 918 F.3d at 1226.

Furthermore, even if Plaintiff had established a *prima facie* case, she has failed to show that Defendant's justification for giving McCool a relatively larger raise was pretextual. "[A] reason is not pretext for discrimination unless it is shown *both* that

the reason was false, *and* that discrimination was the real reason." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (emphasis in original) (quotations omitted). Defendant states that the Commission has had to offer higher salaries to fill open positions, which resulted in McCool being paid significantly less than Dillan McDaniel, an employee who performed similar duties but had less experience. (Doc. 26 at 17.) Thus, McCool was able to negotiate a raise that equalized his salary with McDaniel's. (Docs. 22 ¶ B(10); 26-4.) Defendant also notes that "[a]ll employees would generally prefer to be paid more, but that just isn't realistic for [Pickens] County." (Doc. 26-1 ¶ 9.) Plaintiff's only rebuttal to Defendant's explanation is to argue that she was underpaid relative to administrators in neighboring counties. (*See* doc. 30 at 17.) This argument fails to undermine Defendant's explanation that (1) it operates with a limited budget and (2) it decided to raise McCool's salary to match that of a similarly situated employee who works for Pickens County. Because Plaintiff has shown neither that Defendant's reasons for giving McCool a substantial raise were false nor that discrimination was the real reason, Plaintiff has not met her burden to show that Defendant's reasons are pretextual. *Springer*, 509 F.3d at 1349.

Meeting her burden under the *McDonnell Douglas* framework is not the only way for Plaintiff to survive summary judgment. *See Smith v. Lockheed–Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Plaintiff may also survive summary

judgment if she presents "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* A convincing mosaic may be shown by evidence of (1) suspicious timing; (2) ambiguous statements; (3) systematically better treatment of similarly situated employees; (4) that the employer's justification is pretextual; and (5) "other bits and pieces from which an inference of discriminatory intent might be drawn." *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019).

Plaintiff does not present "a mosaic of circumstantial evidence" capable of allowing a reasonable jury to infer that Defendant acted with discriminatory intent. There are no allegations of suspicious timing. Plaintiff offers neither ambiguous statements nor inflammatory statements of any kind that could support an inference of racial or gender animus, let alone discriminatory intent. As discussed above, Plaintiff has failed to show that any similarly situated employee received better treatment than her. And even if McCool was a proper comparator, his receiving a larger raise than Plaintiff on one occasion would not show "systematically better treatment." Plaintiff also fails to show that Defendant's justification is pretextual.

Thus, at best, Plaintiff's mosaic consists solely of "bits and pieces from which an inference of discriminatory intent might be drawn." *Lewis*, 934 F.3d at 1185. Plaintiff's "bits and pieces" are as follows: (1) Plaintiff was being paid less than assistant administrators in other counties; (2) Defendant gave her a smaller raise than

she requested for fiscal year 2020; (3) McCool was given a substantial raise for fiscal year 2020; (4) another white employee received a significant raise in fiscal year 2016; (5) "the only person denied a substantial increase was [Plaintiff], the black woman"; and (6) the "same decision makers" "[w]ho denied [Plaintiff] and approved of the other pay raises" were all white males. (Doc. 30 at 20.)

Plaintiff's claim that she was "the only person denied a substantial increase" is unavailing because it is unsupported by the record. *See Rollins*, 833 F.2d at 1529 ("[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment."). To the contrary, every employee except McCool received the same $1,040 raise for fiscal year 2020. (Docs. 26 ¶ 16; 26-4.) Moreover, Plaintiff regularly received larger raises than many of her coworkers. (*See* doc. 26-4.) And despite McCool's substantial pay raise in 2020, Plaintiff was paid more than McCool at all times during her employment. (*Id.*) Indeed, Plaintiff remained the second-highest paid employee in the Pickens County Commission Office since McCool was hired. (*Id.*) These undisputed facts do not show that Plaintiff has been discriminated against. *See Daneshpajouh v. Sage Dental Grp. of Fla., PLLC*, No. 21-13202, 2023 WL 334574, at *3 (11th Cir. Jan. 20, 2023) ("To create an inference of intentional discrimination, comparator evidence, even under a convincing mosaic theory, has to be 'similarly situated.'") (citing *Lewis*, 934 F.3d at 1185).

Plaintiff's remaining arguments, taken as true,[4] "amount to mere conclusory allegations of discrimination, which, without more, cannot save [her] discrimination … claims from summary judgment." *Sanz v. Wells Fargo Bank, N.A.*, No. 21-13868, 2022 WL 4397718, at *4 (11th Cir. Sept. 23, 2022) (cleaned up) (quoting *Fulcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1313 (11th Cir. 2016)). Plaintiff cites no cases allowing similar allegations of discrimination to survive summary judgment under the "convincing mosaic" framework. Accordingly, Defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons described above, Defendant's Motion for Summary Judgment is due to be **GRANTED**. An Order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on September 26, 2023.

L. Scott Coogler
United States District Judge

215647

---

[4] Defendant disputes Plaintiff's claim that the same commissioners—Bain, Elmore, and Gray—denied Plaintiff's request for a substantial raise and approved McCool for such a raise. As Defendant points out, the minutes for the meeting in which McCool's raise was approved and Plaintiff's raise was denied indicate that Commissioner Gray uniformly opposed all pay raises. (Doc. 26-3.) And the parties agree that Plaintiff "recorded the minutes for meetings of the County Commission." (Doc. 29 ¶ 11.) Yet, Plaintiff maintains—without any explanation—that Commissioner "Gray voted against [her] receiving the requested pay raise, but approved McCool's pay raise." (Doc. 29 ¶ 18.) Nevertheless, because it is not for the Court to weigh the evidence, Plaintiff's assertions are taken as true.